IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PATRICK HARRISON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) Case No.   CIV-08-0235-M |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | ) ) ) ) |
| Defendant. | ) ) |

# FINDINGS & RECOMMENDATION
# OF MAGISTRATE JUDGE

Plaintiff brings this action pursuant to 42 U.S.C. §405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying his application for disability insurance benefits (DIB) under 42 U.S.C. §§416(i) and 423. This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B), and for the reasons stated herein, it is recommended that the Commissioner's decision be **AFFIRMED.**

## PROCEDURAL HISTORY

Plaintiff filed his application for DIB on May 17, 2005 alleging a disability since September 29, 2004 (TR. 66-68). The application was denied on initial consideration and on reconsideration at the administrative level (TR. 24, 22). Pursuant to Plaintiff's request, a hearing *de novo* was held before an ALJ on June 27, 2007 (TR. 255-283). The Plaintiff appeared in person and with his attorney and offered his testimony in support of the application (TR. 259-282). The ALJ issued his decision on October 26, 2007 finding that Plaintiff was not entitled to DIB (TR. 13-21). The Appeals Council denied the Plaintiff's request for review on February 21, 2008, and thus, the decision of the ALJ became the final decision of the Commissioner (TR. 4-6).

## STANDARD OF REVIEW

The Tenth Circuit case of *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800-801 (10th Cir. 1991), sets forth the standard of review for social security disability cases:

> We must affirm the decision of the Secretary if it is supported by substantial evidence. (*citations omitted*). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." (*citations omitted*). In evaluating the appeal, we neither reweigh the evidence nor substitute our judgment for that of the agency. (*citations omitted*). We examine the record as a whole, including whatever in the record fairly detracts from the weight of the Secretary's decision and, on that basis, determine if the substantiality of the evidence test has been met. (*citations omitted*). If, however, the correct legal test in weighing the evidence has not been applied, these limitations do not apply, and such failure constitutes grounds for reversal. (*citations omitted*).

Further, the Tenth Circuit has stated that "[a] finding of no substantial evidence will be found only where there is a conspicuous absence of credible choices or no contrary medical evidence." *Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (*citations omitted*).

## DISCUSSION & FINDINGS

In addressing the Plaintiff's disability application the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §404.1520. At step one, the ALJ found that the Plaintiff had engaged in substantial gainful activity from his onset date of September 29, 2004 until April 17, 2005, but not thereafter, so the process continued (TR. 15). At step two, the ALJ concluded that Plaintiff's cervical spine degenerative disc disease, status post cervical discectomy was a severe impairment (TR. 15). At step three, the ALJ found that the Plaintiff did not have an impairment or combination of impairments which met or equaled any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 16). At step four, the ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform his past relevant work (PRW) as a janitor, a dishwasher and a self-employed lawn service owner/operator (TR. 20). Thus, at step four of the sequential analysis the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act and was therefore not entitled to DIB (TR. 20-21).

On appeal to this Court, Plaintiff alleges that the ALJ erred by (I) by failing to make the proper vocational findings at step four; and (II) by failing to properly consider the opinions of an examining chiropractor.

MEDICAL EVIDENCE

In August 2004, Plaintiff was examined by Mark Camp, M.D., who found that Plaintiff had undergone an anterior cervical discectomy at C6-7 on the left side which he tolerated well (TR. 130).

In October 2004, Plaintiff was examined by R. Jones, M.D. (orthopedic surgeon) who reported normal flexion and extension of the neck with decreased lateral bend and rotation (TR. 142). Dr. Jones also reported that Plaintiff had intact upper extremity motor and deep tendon reflexes; that he had decreased light touch of his left forearm; and that he was tender to palpation in his lower cervical spine (TR. 142). Dr. Jones' impression was of neck strain, caused by injury; and cervical spondylosis, probably pre-existing, exacerbated by injury (TR. 142). Dr. Jones opined that Plaintiff had reached maximum medical improvement (TR. 142). Dr. Jones released Plaintiff to return to work on July 13, 2004 with the following limitations/restrictions: No lifting greater than 40 pounds; and no overhead lifting (TR. 148).

In February 2005, Plaintiff was examined by William Jones, M.D., who found as to Plaintiff's cervical spine that his range of motion was limited by pain and stiffness; that Plaintiff had no radicular or neurologic abnormalities; and that his sensation, gait and coordination were normal (TR. 161). Dr. Jones diagnosis was of cervical spine, degenerative disk disease (TR. 161). His opinion was that Plaintiff had reached maximum medical improvement; and that there was no objective medical reason preventing Plaintiff from returning to gainful employment (TR. 161).

On April 8, 2005, Plaintiff's treating neurosurgeon, J. Michael Alvis, M.D., signed a "Work Release" which stated that Plaintiff "is now able to return to "regular" duty work as of April 8, 2005 with no restrictions (TR. 166).

In May 2005, Hugh G. McClure, D.C., a chiropractor, examined Plaintiff and concluded that Plaintiff has reached maximum medical improvement; that he will be unable to return to any occupation he has been trained or experienced in performing; and that he would be a good candidate for vocational rehabilitation (TR. 242).

In August 2005, a Physical RFC Assessment was completed by agency physicians who concluded that Plaintiff could occasionally lift and/or carry 50 pounds and frequently lift and/or carry 25 pounds; and sit, stand and/or walk for a total of about six hours in an eight hour workday (TR. 217). The agency physicians further concluded that Plaintiff had no other exertional, postural, manipulative, visual, communicative, or environmental limitations (TR. 217-220).

In June 2006, Plaintiff was examined by Wendy Bartanen, M.D., who found that Plaintiff had mild paravertebral spasm; and that his range of motion in his neck was slow but full (TR. 214). Her assessment was of musculoskeletal pain and insomnia for which she prescribed medication (TR. 214).

## I.

Plaintiff alleges that the ALJ erred by failing to make the proper findings at step four (See Plaintiff's Brief at pages 2-6). At step four, Social Security Regulation 82-62 requires an ALJ to develop the record with respect to a claimant's PRW.

> The decision as to whether the claimant retains the functional capacity to perform past work which has current relevance has far-reaching implications and must be developed and explained fully in the disability decision.
> . . . .
> [D]etailed information about strength, endurance, manipulative ability, mental demands and other job requirements must be obtained as appropriate. This information will be derived from a detailed description of the work obtained from the claimant, employer, or other informed source. Information concerning job titles, dates work was performed, rate of compensation, tools and machines used, knowledge required, the extent of supervision and independent judgment required, and a description of tasks and responsibilities will permit a judgment as to the skill level and the current relevance of the individual's work experience.

Soc. Sec. Rep. Serv., Rulings 1975-1982, SSR 82-62 (West 1982). The ALJ must make specific

factual findings detailing how the requirements of claimant's PRW fit the claimant's current limitations. The ALJ's findings must contain:

1. A finding of fact as to the individual's RFC.
2. A finding of fact as to the physical and mental demands of the past job/occupation.
3. A finding of fact that the individual's RFC would permit a return to his or her past job or occupation.

SSR 82-62; *Washington v. Shalala*, 37 F.3d 1437, 1442 (10th Cir. 1994); *Henrie v. United States Dep't of Health & Human Services*, 13 F.3d 359, 361 (10th Cir. 1993).

Here, the ALJ found that Plaintiff had the RFC to perform the full range of medium work (TR. 16). The ALJ's RFC assessment is supported by substantial evidence. Plaintiff claims that the ALJ erred by not making specific findings regarding the physical and mental demands of his PRW. As to Plaintiff's PRW the ALJ found that it "was performed at the light and medium range of exertion" and further found that

> In comparing the claimant's residual functional capacity with the physical and mental demands of this work the undersigned finds that the claimant is able to perform it as actually and generally performed in the national economy. In his past work as a janitor, a dishwasher and a self-employed lawn service owner/operator, the claimant was not required to perform more than medium work.

(TR. 20). The ALJ relied upon the work history provided by the Plaintiff (TR. 74-75, 85-86, 263-267). The ALJ stated that he considered all evidence in the record and the record contains substantial evidence of the physical demands of Plaintiff's PRW (TR. 13). The ALJ was not required to specify the mental demands of Plaintiff's PRW because he found Plaintiff's mental impairments to be non-severe.

In support of his position, Plaintiff cites *Winfrey v. Chater* 92 F.3d 1017 (10th Cir. 1996). While instructive on the responsibilities of an ALJ at step four, the undersigned finds that *Winfrey* is not dispositive. In *Winfrey* the ALJ failed to include all of Plaintiff's exertional limitations in his RFC finding and failed to develop the record on, and to make the required findings about, the mental demands of Plaintiff's PRW. *Winfrey* at 1025. This failure infected the third phase, where the ALJ abdicated his fact finding and evaluation responsibilities to the VE. *Winfrey* at 1025. In the present

case, the ALJ included in the RFC all of Plaintiff's limitations which were supported by substantial evidence, and made all of the necessary findings to support his step four analysis (TR. 16, 20). In accordance with *Winfrey* the ALJ himself made the required findings on the record, including his own evaluation of the claimant's ability to perform his PRW. SSR 82-62; *Winfrey* at 1025.

Thus, it appears that the ALJ's step four analysis and his determination that Plaintiff was capable of performing his PRW are supported by substantial evidence.

## II.

Plaintiff urges on appeal that the ALJ erred in failing to properly consider the opinion of Dr. McClure, a chiropractor, who examined Plaintiff. 20 C.F.R. §404.1513 defines acceptable medical sources as those

> Sources who can provide evidence to establish an impairment. We need evidence from acceptable medical sources to establish whether you have a medically determinable impairment(s). See § 404.1508. Acceptable medical sources are--(1) Licensed physicians (medical or osteopathic doctors); (2) Licensed or certified psychologists. Included are school psychologists, or other licensed or certified individuals with other titles who perform the same function as a school psychologist in a school setting, for purposes of establishing mental retardation, learning disabilities, and borderline intellectual functioning only;...
>
> Other sources. In addition to evidence from the acceptable medical sources listed in paragraph (a) of this section, we may also use evidence from other sources to show the severity of your impairment(s) and how it affects your ability to work. Other sources include, but are not limited to--(1) Medical sources not listed in paragraph (a) of this section (for example, nurse- practitioners, physicians' assistants, naturopaths, chiropractors, audiologists, and therapists);

20 C.F.R. §404.1513(a)(1-2) & (d)(1). The record fails to demonstrate that Dr. McClure was anything other than a chiropractor (TR. 237-242). Thus, the ALJ was not required to accord Dr. McClure's opinions the weight given to the opinions of a treating physician. *See Barnett v. Apfel*, 231 F.3d 687, 690 (10th Cir. 2000) (ALJ properly rejected chiropractor's report which the regulations provide are not entitled to the same significant weight as reports by a physician).

SSR 06-03p instructs the ALJ to explain the weight given to opinions from these "other

sources," or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case. *Frantz v. Astrue*, 509 F.3d 1299, 1302 (10th Cir. 2007). In his decision the ALJ specifically mentions the opinions of Dr. McClure that Plaintiff "would be unable to return to any occupation he has been trained or experienced in performing. He is a good candidate for vocational rehabilitation. He will be permanently totally disabled until if and when he participates in retraining or a job placement program" (TR. 20). The ALJ also included Dr. McClure's examination findings in his decision (TR. 19). The ALJ appears to have adopted the opinion of Dr. McClure's that Plaintiff has reached maximum medical improvement and incorporated the opinion into Plaintiff's RFC for medium work (TR. 18). To the extent that the ALJ failed to incorporate Dr. McClure's opinion that Plaintiff was unable to return to his PRW, the ALJ provided an adequate discussion of the evidence which allows this reviewer to follow the adjudicator's reasoning (TR. 18-20). The ALJ specifically noted that Dr. McClure only examined the Plaintiff "one time at the request of the claimant's attorney"; and that while "Dr. McClure's opinion is probative, it is not determinative of the issue of disability" (TR. 20).

Thus, it appears that the ALJ properly considered the opinions of Plaintiff's medical source, Dr. McClure.

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner is supported by substantial evidence and should be **AFFIRMED**. The parties are advised of their right to object to these findings and recommendation within twenty (20) days of the date of the filing hereof, in accordance with 28 U.S.C. §636 and Local Court Rule 72.1 (a). The parties are further advised that failure to make timely objection to these findings and recommendation waives their right to appeal from a

judgment of the district court based upon these findings and recommendation. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

The foregoing Findings and Recommendation disposes of all issues referred to the undersigned magistrate judge in the above captioned matter.

ENTERED this 2nd day of February, 2009.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE